# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

GEMA PILOTO MORALES,

              Petitioner,

       v.

WARDEN, ADELANTO
DETENTION FACILITY, et al.,

              Respondents.

Case No. 5:26-cv-01786-MBK

ORDER GRANTING PETITION FOR HABEAS CORPUS

Petitioner Gema Piloto Hernandez, a native and citizen of Cuba, is in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. Immigration authorities paroled Ms. Piloto Hernandez into the United States in November 2022 while she pursues her asylum claims. Since that time, she has complied with the conditions of her release and filed an application to adjust to lawful permanent residence status. On April 6,

2026, she was re-detained by immigration authorities when she appeared as instructed for a supervision check-in.

On April 10, 2026, Ms. Piloto Morales filed the instant Petition alleging her re-detention by immigration authorities without any pre-deprivation process violates due process. In their Answer, Respondents stated they "are not presenting an opposition argument." Dkt. 7 at 2. In light of Respondents' position, the Court finds that Ms. Piloto Morales has demonstrated that the Government violated her right to due process by re-detaining her without notice and an opportunity to be heard. Accordingly, the Court grants Ms. Piloto Morales unopposed Petition, and issues a writ of habeas corpus requiring Petitioner's immediate release and preventing her re-detention absent notice and a hearing.

## I.    FACTS AND PROCEDURAL HISTORY

Petitioner Gema Piloto Hernandez, a native of Cuba, entered the United States in November 2022 seeking protection under the asylum laws. Shortly after entering the United States, she was apprehended by immigration authorities. On November 21, 2022, immigration authorities paroled her into the United States. Approximately five months later, Petitioner filed an asylum application with United States Citizenship and Immigration Services. Later, in 2024, she filed an application to adjust status to a lawful permanent resident under the Cuban Adjustment Act. Dkt. 1 at 2.

During her time in the United States, Petitioner has complied with the conditions of her parole, including attending regular check-ins with Immigration and Customs Enforcement ("ICE"). On April 6, 2026, Petitioner attended a scheduled check-in with the ICE office in Los Angeles, where she

was arrested. Prior to her arrest, immigration officials did not notify her of the basis for re-detaining her or provide her an opportunity to respond. *Id.*

On April 10, 2026, Petitioner filed the instant habeas Petition. She brings two claims: (1) her re-detention without a pre-deprivation hearing violates due process; and (2) her detention lacks any valid justification and violates substantive due process. *Id.* at 8-9. Petitioner seeks her immediate release and an order enjoining Respondents "from re-arresting Petitioner unless and until she is afforded a hearing before a neutral adjudicator on whether a change in custody is justified by clear and convincing evidence that she is a danger to the community or a flight risk." *Id.* at 10.

On April 17, 2026, Respondents filed an Answer in which they state: "Respondents are not presenting an opposition argument. Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." Dkt. 7 at 2.

## II.    DISCUSSION

In light of Respondents' statement that they are not presenting an opposition, the Court finds that Petitioner Piloto Hernandez is entitled to habeas relief.

This Court has previously concluded that the Government violates procedural due process by re-detaining a noncitizen released on parole without pre-deprivation notice or a hearing. *See Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-CV-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Because Respondents do not contest the merits of Petitioner's claims, and the Court has already addressed them in *Yataco*, the Court will only briefly

3

address why due process principles support granting the Petition

The Court considers Petitioner's procedural due process claim under the familiar *Mathews v. Eldridge* framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

With respect to the first *Mathews* factor, Petitioner has a substantial liberty interest in maintaining her life out of custody. While DHS had released Ms. Piloto Hernandez on parole and subject to conditions, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

With respect to the second *Mathews* factor, "[t]here is an unacceptably high risk that the government would erroneously deprive—or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." *Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, Dkt. 12 at 7 (C.D. Cal. Nov. 6, 2025). The "primary" purpose of immigration detention is to ensure a noncitizen's presence at removal proceedings or for removal, with a "secondary" purpose of preventing danger to the community. *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001). Nothing in the record suggests that Petitioner is a flight risk or danger. Her initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is

4

not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at \*6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Since that time, Ms. Piloto Hernandez has complied with the conditions of her release, actively pursued her asylum claim, and appeared for ICE check-ins. Based on the record, the Court concludes that there is a high risk that a lack of pre-deprivation process—that is, notice and a hearing to determine whether Petitioner in fact presents a danger or flight risk—has likely already resulted in Petitioner's unnecessary detention.

With respect to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a pre-detention hearing." *Cruz*, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" Sun, 2025 WL 2730235, at \*6 (quoting *Doe v. Becerra*, 2025 WL 691664, at \*6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO, 2025 WL 1918679, at \*8 (E.D. Cal. July 11, 2025).

In sum, the Court finds that all three *Mathews* factors favor Petitioner. Accordingly, the Court finds that Petitioner's detention without pre-deprivation notice or a hearing violates due process.

### III.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to immediately release Petitioner, subject to the conditions of her prior release on parole, and preventing Respondents from re-detaining Petitioner absent notice and a pre-deprivation hearing at which the Government must justify her detention by clear and convincing evidence; (3) Respondents shall file a status report within seven (7) days to confirm that Petitioner has been released from custody.

Dated: April 17, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE